DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Tomasina Clark, et al., ) | |
| ) | CASE NO. 1:07 CV 1727 |
| Plaintiff(s), ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| Stanley Staffing, Inc., ) | |
| ) | |
| Defendant(s). ) | |
| ) | |

On June 12, 2007, plaintiffs Tomasina Clark and Kristopher Sanderson filed a complaint against Stanley Staffing, Inc., alleging overtime pay violations under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), and the Ohio Minimum Wage Act, O.R.C. §§ 4111.01-4111.99 ("OMWA"), on behalf of themselves and other similarly situated employees. See Doc. No. 1. On June 12 and 13, numerous individuals filed motions seeking to be designated as parties plaintiff. See Doc. Nos. 3 through 18.

Even though it is very early in the proceedings, the Court wants to gain some control over this case which is characterized as a "collective action" under 29 U.S.C. § 216(b). Although similar in nature to a Rule 23 class action, a collective action is different in that it requires similarly situated persons to "opt in" rather than "opt out." Obviously, this explains the flurry of motions.

As explained in Comer v. Wal-Mart Stores, Inc., 454 F.3d 544 (6th Cir. 2006), when confronted with a Section 216(b) collective action, the first inquiry for the court is to determine whether proposed co-plaintiffs are indeed "similarly situated."

(1:07 CV 1727)

> [District courts] have used a two-phase inquiry to address this question. The first takes place at the beginning of discovery. The second occurs after "all of the opt-in forms have been received and discovery has concluded." Goldman v. RadioShack Corp., 2003 WL 21250571, at *6 (E.D. Pa. Apr. 17, 2003); see also Morisky v. Public Serv. Elec. & Gas Co., 111 F.Supp.2d 493, 497 (D.N.J. 2000) (and case cited therein).

Id. at 546.

It is apparent that there are several persons who are already positioning themselves to "opt in" to this litigation. However, the Court is not interested in being deluged with motions. Further, the Court's examination of the limited case law on collective actions and its review of dockets in similar cases in other district courts (e.g., the Eastern District and the Western District of Michigan)[1] suggests that filing a notice rather than a motion is the appropriate procedure.

In order to bring some control to this case, the Court hereby orders as follows:

(1) The Clerk is directed to terminate all of the currently pending motions and to correct the docket text for each as shown below, using Doc. No. 3 as an exemplar:

> THE EXISTING DOCKET TEXT: Motion for Designation of Tyesha Beaver as a Party Plaintiff and Notice of Filing Consent Affidavit Pursuant to § 16(b) of the Fair Labor Standards Act filed by all plaintiffs. (Attachments: # 1 Affidavit # 2 Proposed Order)

> THE CORRECTED DOCKET TEXT: Notice of Consent of Tyesha Beaver to Participate as a Party Plaintiff. (Attachments: #1 Affidavit #2 Proposed Order)

---

[1] The Court looked at the PACER dockets for the Comer case (No. 1:04cv108, W.D. Mich.) and Henry v. Quicken Loans, Inc. (No. 4:04cv40346, E.D. Mich.). These might be helpful if the parties have access to them.

(1:07 CV 1727)

(2)  Plaintiff's counsel is directed to either (a) refrain from filing any more "opt-in" affidavits until after the Case Management Conference, where a procedure will be discussed, or (b) use the "Notice" event, rather than the "Motion" event when filing any new opt-in document.

(3)  As soon as possible after the defendant makes its appearance through counsel, the Court will schedule the Case Management Conference.  At that time, the Court will discuss with counsel an appropriate case management plan.  In the meantime, counsel for both sides will be expected to research the procedural aspects of "collective actions" so as to come to the CMC prepared to discuss a suitable case management plan.  The Court will do the same.

(4)  Plaintiff's counsel will be expected to serve this order on the defendant.

IT IS SO ORDERED.


|   June 18, 2007   | _s/ David D. Dowd, Jr._ |
|---|---|
| Date | David D. Dowd, Jr. |
|  | U.S. District Judge |